**FENG NIN, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.**

**No. 06–4990–ag.**

United States Court of Appeals, Second Circuit.

Oct. 29, 2007.

---

1. Pursuant to Federal Rule of Appellate Pro-        cedure 43(c)(2), Acting Attorney General Pe-

David A. Bredin, New York, NY, for Petitioner.

Bernard A. Smith, Assistant United States Attorney, for Gregory A. White, United States Attorney, Laura McMullen Ford, Assistant United States Attorney, Northern District of Ohio, Cleveland, OH, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Feng Nin, a citizen of the People's Republic of China, seeks review of an October 6, 2006, order of the BIA affirming the November 1, 2004, decision of Immigration Judge ("IJ") Robert D. Weisel denying Nin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Nin,* No. A79 683 180 (B.I.A. Oct. 6, 2006), *aff'g* No. A79 683 180 (Immig. Ct. N.Y. City Nov. 1, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 307 (2d Cir.2003).

Substantial evidence supports the agency's finding that Nin did not establish eligibility for asylum. In its supplemental letter-brief, the Government correctly asserts that Nin is ineligible for relief under our holding in *Shi Liang Lin v. U.S. Dep't Of Justice,* 494 F.3d 296, 309 (2d Cir.2007), on the basis of his girlfriend's forced abortion. While Nin may demonstrate eligibility for asylum by "demonstrat[ing] 'other resistance to a coercive population control program' or 'a well founded fear that he or she will be ... subject to persecution for such ... resistance,'" *id.* at 309–10 (quoting 8 U.S.C. § 1101(a)(42)), Nin failed to make such a showing. Even if it could be argued that he demonstrated "other resistance" by offering to pay a fine so that his girlfriend could avoid an abortion, he did

ter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

not demonstrate that he suffered harm amounting to persecution on account of that resistance. *Id. In re S–L–L–,* 24 I. & N. Dec. 1, 10 (B.I.A.2006). Rather, the injuries that he alleges, "being beaten up by school officials due [to] his relationship with his girlfriend," and being forced to leave school or face expulsion if he continued to date his girlfriend, occurred before his girlfriend became pregnant. Therefore, because Nin did not assert a harm resulting from his "other resistance" to the coercive population control program, his asylum claim fails. *See Shi Liang Lin,* 494 F.3d at 309–10.

Because Nin was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and relief under the CAT, where all three claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, on this record, the agency reasonably found that Nin failed to establish that it is more likely than not that he would be tortured based on his departure from China. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.